**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **No.  1:24-MJ-00883-DH** |
| | § | |
| **(1) DENERIO JACQUEZ** | § | |
| **WILLIAMS,** | § | |
| *Defendant* | § | |

## ORDER

Defendant Denerio Jacquez Williams comes before the Court pursuant to a Petition for Warrant or Summons for Offender Under Supervision, Dkt. 1. The petition, filed by the U.S. Probation Office for the Southern District of Texas,[1] asks the District Judge in the Southern District of Texas to issue a warrant for Williams' arrest to secure his appearance at a final hearing to address whether his supervised release should be revoked. *Id.* Citing a recent arrest for the offense of driving while intoxicated, which occurred Austin, Texas, the petition states that Williams violated the term of his supervised release that he not commit another federal, state, or local crime while on release. *Id.*

Pursuant to the warrant signed by the District Judge, Williams came into federal custody here in the Western District of Texas. *Id.* The undersigned presided over his initial appearance,[2] Dkt. 3, at which Williams' appointed counsel urged that

---

[1] *See United States v. Williams*, No. 5:21-cr-01701-3, Dkt. 210 (S.D. Tex. Dec. 12, 2024).

[2] *See* Fed. R. Crim. P. 32.1(a)(1)(A) ("A person held in custody for violating probation or supervised release must be taken without unnecessary delay before a magistrate judge. If

1

he be released pending his preliminary hearing.[3] The Court declined to release him at that time, noting that the warrant stated that he be taken into custody and that "no bond" be issued. Dkt. 1, at 4. The Court noted on the record, however, that this denial was made without prejudice to counsel's arguing for Williams' release at the forthcoming preliminary hearing.

At the preliminary hearing, the Court admitted two Government exhibits—the DWI probable-cause arrest affidavit and order of commitment, Dkts. 9-1, 9-2—which the Government offered in support of (1) its preliminary-hearing argument that probable cause existed for the USPO petition and (2) its contention that Williams represented a danger to the community and, therefore, should not be released pending his final revocation hearing in the Southern District.

Williams did not contest the probable-cause finding. As to the detention question, however, Williams urged the Court to consider the following: he has been in good communication with his probation officer throughout his term of supervision (including informing his probation officer of the DWI arrest), he has not had any other violations while on release, he was out on bond prior to his guilty plea and was allowed to self-surrender, and if released, he has a job (at Pepsi bottling company) that he can go back to. In consideration of all this, the Court concludes that Williams has sustained his burden to demonstrate by clear-and-convincing evidence that he

---

the person is held in custody in the district where an alleged violation occurred, the initial appearance must be in that district.").

[3] *See* Fed. R. Crim. P. 32.1(a)(5) (preliminary hearing held in the district of arrest).

"will not flee or pose a danger to any other person or to the community." Fed. R. Crim P. 32.1(a)(6).

For the foregoing reasons, the Court finds that probable cause exists to support the violation alleged in the USPO's petition, Dkt. 1. The Court therefore **ORDERS** that Williams be transferred to the Southern District of Texas for a final revocation hearing. *See* Fed. R. Crim. P. 32.1(a)(5) (following a preliminary hearing, "the magistrate judge must … transfer the person to the district that has jurisdiction, if the judge finds probable cause to believe that a violation occurred").

The Court **FURTHER ORDERS** that because Williams has carried his clear-and-convincing burden to prove that he is not a flight risk or danger to the community, Fed. R. Crim. P. 32.1(a)(6), he should be released from the custody of the U.S. Marshal Service and shall appear for a final revocation hearing in the Southern District of Texas upon issuance of a summons by that Court.

SIGNED December 17, 2024.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE